Shauok, J.
The questions raised upon the trial by exceptions to the rulings of the trial judge respecting the competency of evidence and the instructions which ■ should be given to the jury are not important in view of that presented by the demurrer to Ryan’s third defense. The evidence tended to establish the facts alleged in that defense, and throughout the trial and in overruling the motion for a new trial the court obviously adhered to the view of the law which it entertained when it overruled the demurrer.
A fact of first importance is impliedly admitted in the answer and affirmatively shown by the evidence: The bank never accepted the note signed by Woltz and Bell Avithout sureties, nor did it deliver the syndicate notes until it received the original note signed by the fire defendants, of which that counted on by the plaintiff is a renewal. Counsel for the plaintiff therefore insists that the sureties having signed the note before its acceptance by the payee and before the consideration Avas delivered by the payee to the principals, the principals and the sureties are, in accordance with familiar doctrine, bound by the same consideration. Counsel for the defendant admits the general rule thus stated, but denies its application to the facts alleged by Ryan, in view of the prior agreement of the bank to deliver .to Woltz and Bell the syndicate notes for a note signed by them. The argument is, that when the bank delivered the syndicate notes for *454 that signed by the principals and the sureties, it did no more than the previous contract had bound it to do, and that as to the sureties the note counted upon was without consideration. That such was the obligation of the bank in view of the prior contract may be admitted, but does it follow that the undertaking of the sureties is without consideration? The proposition necessary to connect the premise and the conclusion is suppressed in the argument. It should be stated in order that it may be tested. It is, that although Woltz and Bell, whose right it was to insist that the bank should perform the obligation imposed upon it by the prior contract, waived such performance by complying with the demand of the bank for a note with sureties, the surety may annul the waiver and insist upon the prior obligation. To the contract so annulled by those who had executed it Ryan was neither party nor privy. As to him it neither imposed an obligation nor conferred a right. While it was yet executory those who alone were affected by its stipulations waived the obligations which it imposed and substituted for the arrangement which it contemplated the arrangement which was finally executed.
We need have no concern as to the authority of the agent of Woltz and Bell to consent to a rescission of the prior contract, for the principals have ratified what he did in that respect, even to the renewal of the note which was then executed. Nor need we be concerned about the motives which induced Woltz and Bell to waive performance of the prior contract. It is sufficient that they chose to comply with the demand of the bank for a note with sureties rather than to incur whatever trouble and expense might have been involved in insisting upon the performance *455 by the bank of the prior contract. The prior contract is, therefore, without any significance whatever in the present controversy and it should pass wholly from view, leaving the rights of the parties to be determined by familiar principles with respect to which counsel do not entertain different' opinions.

Judgments of the circuit and common pleas courts reversed, and cause remanded to the court of common pleas for further proceedings.

Burket, C. J., Spear, Price and Davis, JJ., concur.